# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

HERACLIO GUTIERREZ,

        Petitioner,

vs.                                    Case No.:   3:21-cv-938-TJC-MCR
                                                              3:17-cr-225-TJC-MCR

UNITED STATES OF AMERICA,

        Respondent.
_____/

## ORDER

This cause is before the Court on the United States' Motion for Order Finding Waiver of Attorney-Client Privilege. (Civ. Doc. 9, Motion). Petitioner Heraclio Gutierrez, through counsel, opposes the Motion in part, id. at 8, but has not filed a response.

After a five-day jury trial, Petitioner was convicted of one count of conspiracy to distribute 500 grams or more of methamphetamine. (Crim. Doc. 158, Jury Verdict; Crim. Doc. 167, Judgment). The Court sentenced him to a term of 200 months in prison. Two attorneys represented Petitioner throughout pretrial litigation, jury trial, and sentencing: Ray Dunn, who was admitted to practice pro hac vice, and Vanessa Newtson, who was local co-counsel. The Eleventh Circuit Court of Appeals affirmed Petitioner's conviction and sentence. United States v. Gutierrez, 810 F. App'x 761 (11th Cir. 2020).

1

In 2021, Petitioner filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (Civ. Doc. 1). He is now proceeding on a second amended motion to vacate sentence under § 2255. (Civ. Doc. 7). Petitioner raises four grounds for relief, all of which allege ineffective assistance of counsel by Mr. Dunn but not Ms. Newtson. In Ground One, Petitioner claims that, on the advice of Mr. Dunn, he rejected a proposed plea agreement and proceeded to trial because Mr. Dunn failed to advise him about the application of the federal sentencing guidelines. Id. at 5. Petitioner claims that, had Mr. Dunn advised him about the strength of the government's case and the guidelines consequences of being convicted by trial instead of by guilty plea, he would have accepted the plea agreement and received a lower sentence. Id. Ground Two is similar. There, Petitioner claims that, on the advice of Mr. Dunn, he rejected a proposed plea agreement and proceeded to trial because Mr. Dunn unreasonably advised Petitioner that the government had "no case" against him. Id. at 7–8. Petitioner contends he was prejudiced because, had Mr. Dunn advised him about the strength of the government's case, he would have accepted the plea agreement and received a lower sentence. Id. at 8. In Ground Three, Petitioner alleges that Mr. Dunn gave ineffective assistance "from start to finish," from "litigating a frivolous motion to suppress" to committing various errors throughout the trial. Id. at 10. Petitioner claims that Mr. Dunn's errors undermined confidence in the outcome. Id. Finally, in

Ground Four, Petitioner alleges that the cumulative effect of Mr. Dunn's errors deprived him of due process and the effective assistance of counsel. Id. at 12. The Court has ordered the United States to respond to the second amended § 2255 motion by February 23, 2022.

In the instant Motion, the United States moves the Court to enter an order finding that, by alleging ineffective assistance of counsel, Petitioner has waived the attorney-client privilege. Specifically, the United States asks the Court to find that (1) Petitioner has waived the attorney-client privilege with respect to communications with Mr. Dunn and Ms. Newtson that are relevant to the claims raised in the second amended § 2255 motion; (2) the United States may investigate all communications between Petitioner and his former attorneys that are relevant to those issues, and may present evidence or elicit testimony regarding those communications at a future evidentiary hearing; and (3) Petitioner's former attorneys, Mr. Dunn and Ms. Newtson, may disclose relevant attorney-client communications to the United States and testify about such matters by affidavit or an evidentiary hearing (should one be necessary). (Civ. Doc. 9 at 8–9).[1] The United States conferred with Petitioner's counsel, William Mallory Kent, who "confirmed that there is no objection to an order

---

[1] Prior to Mr. Dunn filing a notice of appearance, Petitioner was briefly represented by Susan Yazgi of the Federal Public Defender's Office. Petitioner was also represented on appeal by Percy A. King. However, the government's Motion for a determination of waiver does not appear to concern Ms. Yazgi or Mr. King. As such, this Order does not address those two attorneys.

3

finding that the attorney-client privilege has been waived as to Mr. Gutierrez's communications with attorney Dunn that are relevant to the specific claims raised in the § 2255 petition." Id. at 8. However, Petitioner's counsel "does object to an order finding that the attorney-client privilege has been waived as to Mr. Gutierrez's communications with attorney Newtson." Id. Although the government has made Petitioner's position known, Petitioner has not filed a response and the time to do so has expired. M.D. Fla. Local Rule 3.01(c).

After careful consideration, the Court concludes that, by filing the § 2255 motion, Petitioner has waived the attorney-client privilege regarding communications with both Mr. Dunn and Ms. Newtson to the extent they are relevant to his claims. "A party 'waives [his] attorney-client privilege when [he] injects into this litigation an issue that requires testimony from [his] attorneys or testimony concerning the reasonableness of [his] attorneys' conduct.'" Johnson v. Alabama, 256 F.3d 1156, 1178 (11th Cir. 2001) (quoting GAB Bus. Servs., Inc. v. Syndicate 627, 809 F.2d 755, 762 (11th Cir. 1987)).

> Although the attorney-client privilege, in particular, and attorney-client confidentiality, in general, are important concerns due genuine deference, courts have never treated them as inviolable. When a defendant has challenged his conviction by asserting an issue that makes privileged communications relevant, he waives the privilege in respect to those communications.

Crutchfield v. Wainwright, 803 F.2d 1103, 1121 (11th Cir. 1986) (Edmondson, J., concurring), abrogation on other grounds recognized by United States v. Cavallo, 790 F.3d 1202 (11th Cir. 2015). In Laughner v. United States, the

4

former Fifth Circuit rejected "the remarkable contention" that the trial court violated a § 2255 movant's attorney-client privilege by allowing former counsel to testify about confidential communications, which the movant put at issue by attacking the attorney's performance. 373 F.2d 326, 327 & n.1 (5th Cir. 1967).[2] The court explained:

> Having demanded and obtained a factual judicial inquiry into his claim that the attorney appointed to render him the assistance of counsel for his defense failed to discharge his responsibilities properly, appellant now proposes to invoke the privilege accorded confidential communications between an attorney and his client to eliminate the one source of evidence likely to contradict his allegations. We are unable to subscribe to this proposition. The privilege is not an inviolable seal upon the attorney's lips. It may be waived by the client; and where, as here, the client alleges a breach of duty to him by the attorney, we have not the slightest scruple about deciding that he thereby waives the privilege as to all communications relevant to that issue.

Id. at 327.

Petitioner recognizes that he has waived the attorney-client privilege as to communications with Mr. Dunn that relate to the claims in his § 2255 motion. But Petitioner insists he has not waived the privilege as to communications with Ms. Newtson. Petitioner is wrong. The foregoing principles do not support the proposition that Petitioner can seek relief from his conviction by alleging ineffective assistance against one attorney, but not

---

[2] Decisions issued by the former Fifth Circuit Court of Appeals before the close of business on September 30, 1981, are binding in the Eleventh Circuit. Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

co-counsel, and then assert the attorney-client privilege to prevent a full inquiry into the relevant facts.

To succeed on a claim under Strickland v. Washington, a petitioner must establish that counsel performed deficiently and that, but for counsel's error(s), there is a reasonable probability the result of the proceedings would have been different. 466 U.S. 668, 687, 694 (1984). Specifically, as to Petitioner's plea-stage claims, he must show that Mr. Dunn's plea advice was objectively unreasonable and that

> but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

Lafler v. Cooper, 566 U.S. 156, 164 (2012). By alleging that he would have accepted the plea agreement but for Mr. Dunn's failure to advise him about the sentencing guidelines or the strength of the government's case, Petitioner has necessarily put at issue communications with co-counsel that bear on whether Mr. Dunn's alleged errors influenced Petitioner's decision to reject the plea offer. For example, Petitioner has put at issue whether Ms. Newtson did advise Petitioner of the things Mr. Dunn allegedly failed to advise him about, or whether Petitioner had discussions with Ms. Newtson revealing his motivations for opting to go to trial instead of accepting the plea agreement.

6

Such conversations would go directly to whether Mr. Dunn's errors or omissions prejudiced Petitioner.

The district court's decision in <u>Ragbir v. United States</u>, Civ. Act. No. 17-1256 (KM), 2018 WL 1871460 (D. N.J. Apr. 19, 2018), is on point. There, a <u>coram nobis</u> petitioner alleged that two of his four attorneys rendered ineffective assistance, but the petitioner tried to assert the attorney-client privilege as to communications with the other two attorneys. The district court rejected that argument, reasoning:

> An implied waiver of attorney-client privilege will not be construed generously, but it must be given enough latitude to ensure a fair presentation of the issues. It follows that the scope of the waiver is not at the defendant's option. "[L]itigants cannot hide behind the privilege if they are relying upon privileged communications to make their case. 'The attorney-client privilege cannot at once be used as a shield and a sword.'" Where a defendant waives the privilege by relying on advice of counsel, for example, the Third Circuit has warned of the "inherent risk" in allowing the defendant to define the parameters of the waiver; the defendant "should not be permitted to define selectively the subject matter of the advice of counsel on which it relied in order to limit the scope of the waiver of the attorney-client privilege and therefore the scope of discovery."
>
> Under <u>Strickland v. Washington</u>, a party asserting a claim of ineffective assistance of counsel must show (1) that counsel's performance fell below an objective standard of reasonableness and (2) prejudice, specifically, "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Both prongs potentially implicate the advice given to Mr. Ragbir by the other two attorneys, Mr. Zegas and Ms. Alcalde.
>
> As for the first prong, deficient performance, Mr. Ragbir alleges either faulty or omitted advice, or else erroneous strategic choices. If advice were omitted by one attorney, but given by another, then the advice overall would not necessarily have been defective. If one appellate attorney did not consider whether to assert a particular issue, but co-

7

> counsel did, the overall strategy might be found to be sound. Alternatively, co-counsel's reasoning at the time might shed light on the reasons for the advice or strategy that the defendant now criticizes.
>
> It is the prejudice prong, however, that most clearly would require waiver of the attorney-client privilege even as to former co-counsel. Suppose, for example, that Ms. Lee had failed to advise Mr. Ragbir about the impact of the dollar amount of the fraud on his immigration status, and that this were found to constitute constitutionally ineffective assistance. Suppose further that co-counsel <u>did</u> give that advice. That might go a long way toward rebutting any showing of prejudice.
>
> In short, Mr. Ragbir cannot confine the waiver simply by naming some attorneys but not others in his petition. Barring the government from exploring these issues would impair the fairness of the proceeding by depriving the court of evidence necessary to a decision on these claims—essentially allowing Mr. Ragbir to use the privilege impermissibly, as both sword and shield.

<u>Id.</u> at *4 (footnotes omitted).[3]

The <u>Ragbir</u> court's sound reasoning applies with equal force here. Petitioner cannot wield the attorney-client privilege to seek relief from his sentence while preventing an inquiry into the relevant facts. That said, while

---

[3]   The Court located a case in which a Florida court ruled "that the 'malpractice exception' [to the attorney-client privilege] applies only to communications between the client and the lawyer being sued," stating, "we decline to extend the 'malpractice exception' to compel a lawyer's former client to disclose confidential communications with that client's other lawyers simply because such information may be relevant to the former lawyer's defense of the client's malpractice case against the lawyer." <u>United Servs. Auto. Ass'n v. Law Offices of Herssein & Herssein, P.A.</u>, 233 So. 3d 1224, 1229 (Fla. 3d DCA 2017) ("<u>USAA</u>") (quoting <u>Coyne v. Schwartz, Gold, Cohen, Zakarin & Kotler, P.A.</u>, 715 So. 2d 1021, 1023 (Fla. 4th DCA 1998); citing <u>Coates v. Akerman, Senterfitt & Eidson, P.A.</u>, 940 So. 2d 504, 509 (Fla. 2d DCA 2006)). <u>USAA</u> and the cases it relied on are distinguishable because they involved an interpretation of Florida Statutes Section 90.502(4)(c), which is part of Florida's evidence code, whereas this case is governed by federal law and the Federal Rules of Evidence. See <u>Jordan v. Comm'r, Miss. Dep't of Corr.</u>, 947 F.3d 1322, 1336 (11th Cir. 2020); <u>Hancock v. Hobbs</u>, 967 F.2d 462, 466 (11th Cir. 1992). The Florida cases are also distinguishable because they involved claims of attorney malpractice in bad faith coverage litigation, which require a different showing compared to a claim of ineffective assistance under <u>Strickland</u>.

Petitioner has waived the attorney-client privilege as to Ms. Newtson, the waiver applies only to communications that are relevant to the claims raised in the second amended § 2255 motion. Accordingly, it is hereby **ORDERED:**

1. The United States' Motion for Order Finding Waiver of Attorney-Client Privilege (Civ. Doc. 9) is **GRANTED** to the extent stated below.

2. Petitioner has waived the attorney-client privilege with respect to communications with former counsel, Mr. Dunn and Ms. Newtson, that are relevant to the issues raised in the second amended § 2255 motion. As such, the United States may investigate all communications with Mr. Dunn and Ms. Newtson that are relevant to those issues, and it may present evidence and elicit testimony regarding those communications at an evidentiary hearing if one is held. Without violating their professional obligations, Mr. Dunn and Ms. Newtson may disclose relevant attorney-client communications to the United States and testify about such matters by affidavit or by evidentiary hearing (should a hearing be necessary).

**DONE AND ORDERED** at Jacksonville, Florida this 3rd day of February, 2022.

MONTE C. RICHARDSON
United States Magistrate Judge

lc 19

Copies:
Heraclio Gutierrez
Counsel of record