UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HERACLIO GUTIERREZ,

        Petitioner,

vs.

UNITED STATES OF AMERICA,

        Respondent.

_____/

Case No.:   3:21-cv-938-TJC-MCR
               3:17-cr-225-TJC-MCR

## ORDER

This cause is before the Court on the United States' Motion to Compel Former Defense Counsel to Disclose Substance of Communications. (Doc. 13, Motion to Compel).

Petitioner Heraclio Gutierrez is proceeding on a Second Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, in which he raises four claims of ineffective assistance of counsel against one of his trial attorneys, Ray E. Dunn. (See Doc. 7). The first two claims allege, in essence, that counsel failed to advise Petitioner about the sentencing guidelines and the strength of the government's case, causing Petitioner to reject a plea offer that he otherwise would have accepted. The third claim alleges that Mr. Dunn gave ineffective assistance throughout pretrial litigation and trial. The fourth claim alleges cumulative error.

1

The Court ruled on February 3, 2022, that by alleging Mr. Dunn rendered ineffective assistance, Petitioner waived the attorney-client privilege as to Mr. Dunn and Mr. Dunn's co-counsel, Vanessa Newtson, regarding communications that are relevant to the claims in the § 2255 motion. (Doc. 10).[1] As a result, the Court authorized the United States to "investigate all communications with Mr. Dunn and Ms. Newtson that are relevant to those issues" and to "present evidence and elicit testimony regarding those communications at an evidentiary hearing if one is held." (Doc. 10 at 9). The Court also allowed Mr. Dunn and Ms. Newtson to "disclose relevant attorney-client communications to the United States and testify about such matters by affidavit or by evidentiary hearing (should a hearing be necessary)." (Id.).

In the Motion to Compel, the government states that Mr. Dunn has not responded to the government's numerous emails and voice messages requesting that he share relevant communications with Petitioner and that he respond to the § 2255 claims via an affidavit. (Doc. 13 at 2). According to the government, "[d]espite repeated requests, Dunn has refused to disclose his communications with [Petitioner], and, it appears, he is not going to do so absent an order from this Court." (Id. at 4). The United States explains that it needs such information to respond to Petitioner's § 2255 motion since it "is not

---

[1]      Petitioner conceded that he waived the attorney-client privilege with respect to relevant communications with Mr. Dunn. (See Doc. 9 at 8).

fully available in the record or from any other source because the communications with Dunn, outside the presence of local counsel, Vanessa Newtson, were strictly between [Petitioner] and Dunn." (Id.). Without Mr. Dunn's statement and records, the United States asserts it "cannot provide as meaningful a response to the section 2255 motion as could be provided with Dunn's statement and records." (Id.).

As the Court explained in its Order of February 3, 2022 (Doc. 10), a petitioner waives the attorney-client privilege as to relevant communications with his attorney(s) when he alleges that counsel gave ineffective assistance. See, e.g., Johnson v. Alabama, 256 F.3d 1156, 1178 (11th Cir. 2001). Further, Rule 7 of the Rules Governing Section 2255 Proceedings in the United States District Courts authorizes a court to expand the record with certain types of materials, including affidavits, answers under oath to written interrogatories, and other documents. Where a § 2255 petitioner has waived the attorney-client privilege by accusing former counsel of rendering ineffective assistance, a district court has authority to compel former counsel to disclose the substance of his or her relevant communications, including by affidavit. Prozer v. United States, No. 8:14-cv-1347-T-33EAJ, 2014 WL 12910349 (M.D. Fla. Aug. 5, 2014).

The United States has shown that, to effectively respond to the § 2255 motion, it requires Mr. Dunn to disclose the substance of relevant

3

communications with Petitioner, and that Mr. Dunn appears unwilling to do so without a court order. Accordingly, it is hereby **ORDERED:**

1.  The United States' Motion to Compel Former Defense Counsel to Disclose Substance of Communications (Doc. 13) is **GRANTED** as stated below.

2.  Mr. Dunn shall disclose to the United States the substance of communications between him and Heraclio Gutierrez that are relevant to the § 2255 motion, to the extent the government requests.

3.  No later than **March 28, 2022**, Mr. Dunn shall provide to the United States an affidavit summarizing the communications relevant to Petitioner's claims, and produce any relevant records, including correspondence.

**DONE AND ORDERED** at Jacksonville, Florida this 4th day of March, 2022.

_____
MONTE C. RICHARDSON
United States Magistrate Judge

lc 19
Copies to:
Parties and counsel of record

Ray E. Dunn
P.O. Box 342162
Austin, Texas 78734-0037
REDgodowar@aol.com